**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

```
UNITED STATES OF AMERICA        *
                                *
     v.                         *       CR 119-011
                                *
ANTHONY R. WILLIAMS             *
```

———————

**O R D E R**

———————

Defendant Anthony R. Williams has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based upon his serious medical conditions and the severe adverse effect that COVID-19 may have upon him individually given his medical conditions. Defendant's medical conditions include Type 2 diabetes, coronary artery disease, peripheral vascular disease, peripheral neuropathy, high blood pressure and high cholesterol, obstructive sleep apnea, a hernia, and hearing loss.

The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. In consideration of a compassionate release motion, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Application Note 1 of the existing policy statement, U.S.S.G. § 1B1.13, lists

three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances.  Id. n.1(A)-(C).[1]

Defendant's motion only implicates the first category.[2] The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, n.1(A)(ii).  Defendant has not established, nor has he even argued that his medical conditions satisfy these criteria in and of themselves.  However, as conceded by the Government, Defendant's diabetes and coronary artery disease are listed by the CDC as conditions that place a person who contracts COVID-19 at an increased risk for severe illness.  See Centers for Disease Control, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus

---

[1] The Application Note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories.  Id. n.1(D).  The Court has not been made aware that the BOP Director has sanctioned Defendant's early release.

[2] Defendant is 60 years old; while that does not qualify him for the age category of extraordinary and compelling circumstances, it does play a role in consideration of the potential effects of COVID-19.

/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on October 13, 2020).  Additionally, Defendant's hypertension is listed as a condition that might place a person who contracts COVID-19 at an increased risk for severe illness. (Id.)  These conditions, together with his obstructive sleep apnea and age, leave little doubt that Defendant's medical conditions, particularly in the aggregate, qualify his circumstances as potentially serious enough to be extraordinary and compelling if he contracts COVID-19.[3]  Yet, this finding is diminished in part by the fact that Defendant has already contracted COVID-19 and recovered, demonstrating that the Bureau of Prisons can and did appropriately and adequately treat Defendant.  That is, the record shows that Defendant's medical conditions have not uniquely positioned him or set him apart from other inmates in the same correctional facility so as to convincingly establish that he is entitled to early release.

Moreover, even if the Court determined that Defendant is eligible for compassionate release, the Court retains discretion over whether to grant that relief.  Indeed, the Court must consider the sentencing factors of 18 U.S.C. § 3553(a) prior to ordering

---

[3]  The Court will not conclude that Defendant's recent contraction of COVID-19 disqualifies him as having a serious medical condition because he survived it.  The Court is not positioned to conclude that he will not contract it again.  However, the Bureau of Prison's response thereto and Defendant's recovery are highly relevant to this matter.

release.   See 18 U.S.C. § 3582(c)(1)(A).   In this case, these factors weigh against his release.   Defendant's offense was a flagrant, egregious, and arrogant misuse of power for personal gain.   Yet, because of his plea agreement, Defendant's sentence of five years falls substantially below the sentencing guideline range to which he could have been subject for the charged conduct. Defendant was sentencing just over one year ago, and he still has well over half of his sentence to serve.   If the Court were to release Defendant early, the sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence.   Thus, the Court would not exercise its discretion to release Defendant even if he qualified for release under the compassionate release provision.

Upon the foregoing, Defendant Anthony R. Williams's motion for compassionate release (doc. no. 43) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of October, 2020.

UNITED STATES DISTRICT JUDGE